**Opinion filed September 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00036-CR
_____

**SERBANDO SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-20-0854-CR**

## M E M O R A N D U M   O P I N I O N

Serbando Sanchez, Appellant, originally pled guilty to the first-degree felony offense of manufacture or delivery of a controlled substance (between four and 200 grams of cocaine). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on community supervision for seven years. The State later filed a motion to adjudicate Appellant's guilt. At the hearing on the State's motion to adjudicate, Appellant pled true to five

of the allegations in the motion. The trial court then inquired as to whether either the State or Appellant wished to present evidence. Neither did. After hearing closing arguments, the trial court accepted Appellant's pleas of true, found that Appellant had violated the terms and conditions of his deferred adjudication community supervision as alleged in the five allegations to which Appellant had pled true, revoked Appellant's deferred adjudication community supervision, adjudicated Appellant guilty of the charged offense, and assessed his punishment at imprisonment for eighteen years. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's

decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

September 8, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.